FILED
CLERK, U.S. DISTRICT COURT
MAY - 6 2014
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMWOOD INVESTORS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RONDQUITTA JACKSON, ET AL.,<br><br>    Defendants. | Case No. CV 14-3189-UA (PJWx)<br><br>[~~PROPOSED~~] ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    Before the Court is an unlawful detainer action that has been removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded to the Superior Court.

    On April 25, 2014, Defendant Rondquitta Jackson, having been sued in the Superior Court of Los Angeles in what appears to be a routine unlawful detainer action, removed the action to this court. Simply put, because Plaintiff could not have brought this action in federal court in the first place (because there is no subject matter jurisdiction), Defendant cannot remove it to this court. *See* 28 U.S.C. § 1441(a); and *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005). The case does not meet the requirements of 28 U.S.C. § 1331 because it does not raise a federal question.

Defendant's attempt to convert the case into a federal one by raising the federal Fair Housing Act (42 U.S.C. § 3604) as a defense does not alter the analysis. In determining whether there is federal question jurisdiction, the Court looks only to the claims raised in the complaint, not to Defendant's defenses. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."). Further, there is no diversity jurisdiction under 28 U.S.C. §§ 1332 because, even if Defendant could establish that the parties are diverse, it is clear from the Complaint that the amount in controversy is less than $10,000.

Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Superior Court of California, County of Los Angeles, 1725 Main Street, Santa Monica, California 90401; (2) the clerk shall send a certified copy of this Order to the state court; and (3) the clerk serve copies of the Order on the parties.

IT IS SO ORDERED.

DATED: 5/2/14

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

s:\PJW\Cases-IFP\Civil duty IFP denials\Jackson.wpd